**CONWAY v HAGUE et**

Ohio Appeals, 9th Dist, Lorain Co

No 585. Decided April 7, 1932

H. C. Johnson, Elyria, and Wm. A. Miller, Amherst, for plaintiff in error.

Deutsch & Dilgren, Elyria, for defendants in error.

FUNK, J.

Three claimed errors are relied upon in this court:

First: No exception is taken to the admission of evidence to the effect that Gooden Bros. had executed and delivered to said Conway their note and chattel mortgage at the time the note was given to said club, but it is contended that the court erred in the admission of evidence concerning the giving of the second note by Gooden Bros. to said Conway and that judgment had been taken upon it and that litigation was pending in an effort to collect on said judgment from the insurance company, which had insurance upon said trucks at the time they were destroyed by fire, for the reason that these things all happened long after the note sued upon was given and that it could have no bearing upon the purpose for which said note was given.

The subsequent conduct of a party is often competent as reflecting upon the original purpose of doing a particular act.

When this case was formerly before this court, the evidence was substantially the same as it is in the present case. We at that time thought this evidence was competent, and still think so, for what it was worth, and that it is rather a matter of weight than of competency. Moreover, the trial court permitted plaintiff in error to fully explain his purpose in obtaining the second note from Gooden Bros. and thus gave him the full benefit of his position concerning the second note. Considering the whole record, we find no prejudicial error in this respect.

Second. Counsel contend that the verdict is manifestly against the weight of the evidence.

Counsel are, of course, familiar with the rules governing reviewing courts concerning the weight of the evidence, which are to the effect that such court is not allowed to set up its judgment as against that of the jury, and that it cannot reverse on that ground unless it appears from the face of the record that the verdict is so clearly unsupported by the evidence as to indicate some misapprehension, mistake, bias or willful disregard of duty on the part of the jury.

The record discloses much conflict in the testimony concerning what was said by representatives of the automobile club and said T. A. Conway and D. F. Gooden in the several conversations between them about the check and the efforts that Gooden Bros. and said Conway were making to raise the money to take up said check.

While it is true that the secretary of the automobile club was insisting on Gooden Bros. getting the money to take up said check, and that there was evidence of threats being made by the secretary of the club to have said D. F. Gooden criminally prosecuted if the check was not paid, there was also evidence to the effect that no such threats were made, and that said secretary did not even know at that time that it was a criminal offense to give a check without funds in the bank to meet it. Moreover, the testimony of plaintiff in error himself shows that he first suggested that he would become personally liable for the amount of the check and volunteered to do so. No claim is made that the representatives of the club asked that a note be given or that said Conway become responsible for the check or sign a note to take it up; neither is there any claim that said D. F. Gooden had been arrested or that any steps had been taken to do so.

Under this state of the record and the rules controlling this court, we are not permitted to reverse the judgment on this ground, as we cannot say that the verdict is manifestly against the weight of the evidence.

Third. It is contended that the court erred in charging the jury as follows:

"Hence, if you find that at the time said defendant signed said note that the said Gooden Brothers were then being threatened with a criminal prosecution for unlawfully drawing a check in favor of the plaintiff against an account in a bank in which they had insufficient funds to meet said check, and that the suppression of said criminal prosecution was the only consideration for the giving of said note, that such consideration would be insufficient to support the contract and the note itself would be illegal and void, and if this be your finding your verdict will be for the defendant."

The contention being that it was error to use the word "only" before the word "consideration" in said paragraph.

It will be observed that this instruction is substantially the same as that given before argument at the request of the plaintiff in error, and that the use of the word "only" in the general charge, as applied to the issues in this case, does not materially change its meaning from that of said special request given before argument. It will be noted that the plaintiff in error alleged in his answer "that said agreement on the

284

part of plaintiff and its said agents and attorneys to suppress said prosecution aforesaid was the **sole consideration** for the execution and delivery of said note on the part of this answering defendant, and that by reason of the premises said note is illegal and void," and that in stating the issues to the jury the court substantially used the language in the above-quoted paragraph.

It is thus apparent that, under the issues as made by the answer of plaintiff in error and the reply and the manner in which the case was tried, the only question at issue was whether or not the consideration for said note was wholly legal or illegal; that is, Did the plaintiff in error sign said note wholly for the purpose of suppressing a felony or wholly for the purpose of honestly securing the payment of said note and the obtaining of security for his services?

There was no claim made that the note was illegal in part, and legal in part because a part of the consideration was legal, to-wit, the $64 for license plates, which was not included in the check. We are therefore of the opinion that there was no prejudicial error in the charge of the court.

Having considered all the errors complained of, and finding none of them prejudicial to plaintiff in error, and finding no other prejudicial error in the record, the judgment is affirmed.

PARDEE, PJ, and WASHBURN, J, concur.